682 So.2d 194 (1996)
Robert REID, Appellant,
v.
STATE of Florida, Appellee.
No. 96-2712.
District Court of Appeal of Florida, Fourth District.
October 23, 1996.
Robert Reid, Immokalee, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and William A. Spillias, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, Judge.
We find that the trial court erred in denying appellant's rule 3.850 motion for post-conviction relief. Appellant's motion alleging that his counsel was ineffective for failing to investigate and present his alibi defense stated a legally sufficient basis for relief. This claim was not refuted by the exhibits attached to the State's response and expressly incorporated in the trial court's order. Therefore, we reverse the order denying relief *195 and remand this case to the trial court for an evidentiary hearing or attachment of further record excerpts.
Appellant was charged with one count of robbery with a firearm; his defense was mistaken identity. Appellant's first two trials resulted in mistrials when the juries deadlocked. At the third trial, he was convicted as charged, and was sentenced as a violent habitual offender to life imprisonment. His conviction and sentence were affirmed without opinion on direct appeal. This collateral challenge under rule 3.850 followed.
Appellant claims that he informed his attorney prior to the first trial, and reminded him prior to the last two trials, that his wife and child could establish that he was at home when the robbery took place. Appellant asserts that his wife showed up for each trial, expecting to testify as a witness, but was never called to the stand. The fact that two juries were unable to agree on a verdict and that the only witness who identified appellant as one of the robbers was subject to impeachment on cross-examination indicates thatbased on the extent of the record presently before this courtthe failure to present an available alibi could have made a difference in the outcome of this case. A defendant is entitled to relief on the basis of ineffective assistance of counsel where there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different. See Strickland v. Washington, 466 U.S. 668, 691, 104 S.Ct. 2052, 2066-67, 80 L.Ed.2d 674 (1984).
On remand, the trial court must conduct an evidentiary hearing to determine whether appellant timely advised counsel of his alibi defense, and, if so, whether the failure to call the alibi witnesses was a reasonable trial strategy. If trial counsel's performance was deficient, the trial court must then make a determination, based on a complete review of the trial transcript, whether there is a reasonable probability that counsel's performance resulted in prejudice pursuant to the standard announced in Strickland. Alternatively, in the unlikely event that the relevant inquiry can be answered by reference to the available record, on remand, the trial court could attach further record excerpts to any order of denial.
REVERSED and REMANDED.
GLICKSTEIN and PARIENTE, JJ., concur.