PER CURIAM.
The appellant filed a motion for post-conviction relief pursuant to rule 3.850, Florida Rules of Criminal Procedure, raising thirteen points for relief. The state responded, attaching portions of the record which it claimed supported summary denial of the motion. The trial court denied the motion without an evidentiary hearing, attaching the state’s response to its order. We find that all but one of the points raised by appellant were conclusively refuted by the record attachments. As to the second point, we reverse and remand for an evidentiary hearing on the issue, or attachment of portions of the record refuting the point.
Appellant was convicted of trafficking in cocaine and conspiracy to traffic in cocaine. His defense to the charges was entrapment. Appellant argued in point two ineffective assistance of counsel in failing to recall two officers as defense witnesses who would have testified that the confidential informant was paid a contingency fee.
In response, the state noted that another officer and the informant were questioned *1020 about the informant’s method of payment, and both denied payment on a contingency basis. However, their testimony was very evasive, and the informant had previously testified that he would receive ten percent of the cash value of the drugs involved in appellant’s case. Therefore, we cannot conclude from the record attachments that appellant’s allegation of ineffective assistance of counsel stands refuted. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Knight v. State, 394 So.2d 997 (Fla.1981).
We therefore reverse and remand with directions to hold an evidentiary hearing on the single claim of ineffectiveness of counsel in failing to recall the officers to testify regarding the informant’s fee arrangement, or to attach portions of the record which refute this claim. Reid v. State, 682 So.2d 194 (Fla. 4th DCA 1996). We affirm as to all other points raised.
GUNTHER, C.J., and WARNER and SHAHOOD, JJ., concur.