WARNER, J.
We affirm the order denying postconviction relief to appellant and we write only to explain that the last issue on appeal was not timely raised. Appellant was convicted in 1993, and appealed his conviction which was affirmed without opinion by this court. See Powell v. State, 638 So.2d 630 (Fla. 4th DCA 1994). Thereafter, he filed a motion for post-conviction relief which the trial court summarily denied in 1995. This court found that the record attachments conclusively refuted all but one of the points, and we reversed for an evidentiary hearing. See Powell v. State, 688 So.2d 1019 (Fla. 4th DCA 1997). After remand, appellant filed an amended motion for postconviction relief, alleging for the first time that the trial court erred by using the standard jury instruction on entrapment, which this court held to be reversible error in Vazquez v. State, 700 So.2d 5 (Fla. 4th DCA 1997), rev. dismissed, 718 So.2d 755 (Fla.1998). This claim was not filed within the two-year time limitation of Florida Rule of Criminal Procedure 3.850(b) and was filed after the trial court originally denied the *984 claim. Cf. Shaw v. State, 654 So.2d 608, 609 (Fla. 4th DCA 1995). As appellant’s motion for postconvietion relief did not allege a fundamental change in the law under the requirements of Witt v. State, 387 So.2d 922, 931 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980), the trial court correctly refused to consider the claim.
Affirmed.
FARMER and SHAHOOD, JJ., concur.