PER CURIAM.
The appellant challenges the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse the trial court’s denial of the appellant’s claim that counsel was ineffective for failing to call alibi witness Rose Brown. The denial of the appellant’s other claims is affirmed.
In his amended issue D, the Appellant alleges that his trial counsel was ineffective for failing to investigate and call alibi witness Rose Brown. The appellant has alleged a facially sufficient claim of ineffective assistance of counsel for failing to call a witness. See Nelson v. State, 875 So.2d 579 (Fla.2004) (holding that to state a facially sufficient claim of ineffective assistance of counsel for failing to call a witness, the defendant must allege: (1) the witness’s identity; (2) the substance of the witness’s testimony; (3) how the omission of the testimony prejudiced the outcome of the case; and (4) that the witness was available to testify). The record of the trial proceedings below does not refute the appellant’s claim that there is a reasonable probability that, but for counsel’s failure to call Rose Brown, the outcome of the proceeding would have been different. See Reid v. State, 682 So.2d 194 (Fla. 4th DCA 1996) (ruling that summary denial of an ineffective assistance of counsel claim was improper where evidence showed that the wife of the defendant showed up at trial expecting to be called as an alibi witness but was never called to testify, two juries were unable to agree on a verdict, and the only witness who identified the defendant as the perpetrator of the crime was subject to impeachment on cross-examination). Thus, we reverse and remand for an evi-dentiary hearing or attachment of portions of the record that conclusively refute appellant’s claim that counsel was ineffective for failing to call Rose Brown. The denial of the appellant’s remaining claims is affirmed.
AFFIRMED in part; REVERSED in part, and REMANDED.
BROWNING, C.J., DAVIS and POLSTON, JJ. concur.