COBB, Judge.
The appellant, Purvis Taylor, was convicted of manslaughter by driving while intoxicated in violation of section 316.-1931(2), Florida Statutes (1985). A pedestrian, William Bruce, Jr., was struck and killed by a truck in Bithlo, Florida, on the evening of November 2, 1985. After Taylor’s conviction, the defense moved for a new trial, asserting newly-discovered evidence in the form of the testimony of William Dawson. The motion was denied after hearing, resulting in the instant appeal.
At Taylor’s trial, the state introduced two witnesses (Ricky Jones and Ronnie Gentry) who testified they had observed Taylor outside the parked truck “shutting the driver’s door” immediately after hearing the thump of the truck striking Bruce. Both witnesses testified they also saw Tommy Ziglar at that time, coming out of a ditch located on the passenger side of the truck. Ziglar, the owner of the truck, testified that Taylor was driving the truck at the time of the accident, and that he (Zig-lar) was the sole passenger at the time. His sisters, Linda Ziglar and Milly Ziglar, *419 testified that Taylor admitted to them that he was the driver of the truck.
Taylor, on the other hand, denied that he was the driver, saying that it was Ziglar. Dewey Allen testified that he was also a passenger in the truck at the time of the accident, and that Ziglar was driving. Three other witnesses — Brian Harris, Ronnie Taylor and Tim Larson — testified that they saw Ziglar driving the truck shortly before the accident when it left the Red Door Inn, a bar where Taylor, Allen and Ziglar had been drinking beer. All three testified that Allen was also in the truck at that time.[1] Sidney Meeks testified that Ziglar admitted to Meeks that he had been the driver of the truck. There was also evidence that after the accident the police dusted the cab of the truck for prints and found only the palm print of Tommy Ziglar on the inside door handle on the driver’s side.
The state established that the defense witnesses were drinking buddies or relatives of Purvis Taylor, and emphasized that fact in its opening statement and closing argument. The prosecutor’s final statement to the jury was: “It’s this whole group of drinking buddies versus justice.” Indeed, this theme was the keynote of the state’s oral presentation on appeal.
The issue before us is whether the trial court abused its discretion in denying the motion for new trial. We recognize that such discretionary determinations by a trial court will only rarely be disturbed on appeal. See Clark v. State, 379 So.2d 97 (Fla.1979), cert. denied, 450 U.S. 936, 101 S.Ct. 1402, 67 L.Ed.2d 371 (1981). A new trial will not be granted for newly-discovered evidence unless (1) such evidence was discovered after the former trial; (2) due diligence was shown to have it at the former trial; (3) it was material to the issue; (4) it goes to the merits of the case; (5) it was not cumulative; and (6) it was such as would produce a different verdict. McVeigh v. State, 73 So.2d 694 (Fla.1954), appeal dismissed, 348 U.S. 885, 75 S.Ct. 210, 99 L.Ed. 696 (1954).
The proferred testimony of Dawson at the new trial hearing indicated that he was driving his automobile in Bithlo on the night of the accident and came upon the accident scene just after it had happened. He had seen the Ziglar truck pull out onto Highway 50 from a bar and head east. Dawson passed the truck, then it passed him. At that time, he observed three people in it, and recognized Purvis Taylor sitting in the passenger seat beside the door. Dawson knew Taylor by sight, but did not know him “personally” and was not part of “Taylor’s drinking crowd.” Some five to ten minutes after the truck passed him, Dawson came upon the scene of the accident. He told the trooper and the victim’s father at the scene that the truck had just passed him. Within a week an investigating trooper visited Dawson at his job site, and the latter repeated his statement that the truck had passed him, but he did not actually see the accident happen. No one asked him who was driving or who was the passenger in the truck.
Dawson heard no more about the matter prior to moving to Indiana in March, 1986. He did not know that Taylor had been charged with the accident. From a newspaper account, Dawson learned after the fact of Taylor’s conviction. His reaction was:
I thought I had better get ahold of someone, say something about it because the man is not guilty in my book. He wasn’t driving the truck. I seen him sitting on the passenger’s side when they passed me.
Dawson’s testimony was not controverted at the hearing. Although Dawson’s name was known to the state prior to trial, as a result of what he had told the two troopers, his name was not furnished in response to defense discovery because the state did not know that Dawson had any material knowledge of the incident.
The trial court, in denying the motion for new trial, found that Dawson’s testimony was merely cumulative to the evidence presented at trial, and that it faced credibil *420 ity problems considering that he apparently spoke to at least two people about the accident and did not admit to any knowledge about it.” Neither of the findings by the trial court is supported by the evidence. First, Dawson’s testimony was not cumulative because he was the only “independent” witness for Taylor — i.e., one who was not a friend or relative. Second, there is no evidence whatsoever that Dawson ever told anyone that he had no knowledge of the accident, only that he did not see it actually happen. No one ever asked Dawson if he saw the identity of the truck passenger immediately prior to the accident, and he had no way of knowing, at any time prior to trial, that there was any dispute about the identity of the driver of the truck.
The evidence adduced at the hearing on the motion for new trial satisfies all of the requisites outlined in McVeigh. We recognize appellate courts must exercise restraint in faulting the discretionary determination of a trial judge to deny a motion for new trial, as pointed out in Clark. Nevertheless, this is the unusual case where we must reverse the denial of a new trial motion based upon newly-discovered evidence.
REVERSED and REMANDED for new trial.
SHARP, C.J., concurs.
COWART, J., dissents without opinion.

. The state’s two "eyewitnesses,” Jones and Gentry, also confirmed that Dewey Allen was present in the road near the truck at the time they saw Taylor and Ziglar immediately after the impact.