538 So.2d 1292 (1989)
STATE of Florida, Petitioner,
v.
James Cornelius WELLS, Respondent.
No. 88-2865.
District Court of Appeal of Florida, Second District.
February 10, 1989.
Bill James, State Atty., and Jay Pruner, Asst. State Atty., Tampa, for petitioner.
Judge C. Luckey, Jr., Public Defender, and Linda McKinley, Asst. Public Defender, Tampa, for respondent.
PARKER, Judge.
The state seeks a writ of common law certiorari from this court to quash an order of the trial court which suppressed videotaped and written depositions. This deposition[1] was taken to perpetuate the testimony of a state's witness. We have jurisdiction. Article V, § 4(b)(3), Fla. Const. See also, State v. Pettis, 520 So.2d 250 (Fla. 1988). We grant certiorari and quash the order of suppression.
Respondent James Wells, seventy-six years of age, is charged with attempted *1293 second-degree murder for shooting his wife and stepson. The wife, who suffered from terminal cancer,[2] was unable to attend the trial. The state, pursuant to Florida Rule of Criminal Procedure 3.190(j), moved to perpetuate the wife's testimony. The deposition was completed in the wife's hospital room before a deputy official court reporter. Also present was an assistant state attorney, who videotaped the deposition, the wife, the stepson, the respondent, and the respondent's attorney.
In granting the motion to suppress the deposition, the trial court made the following findings:
1. The State, in seeking to perpetuate testimony pursuant to Fla.R.Cr.P. 3.190(j) failed to strictly comply with the specific requisites of that rule in that no order was submitted to the Court and no commission was issued to take the deposition.
2. The Defendant's constitutional right to confront and cross-examine the witness was denied in that he was denied an adequate opportunity to be present, to hear the proceedings and to confer with his attorney.
3. The testimony given by the deponent would be merely cumulative to that of her son, Donald Ray Allen.
4. An issue exists as to the authentication of the videotape deposition of Ethel Wells because the Assistant State Attorney who was to try the case did the actual videotaping of the deposition and might be required to testify as a witness in this case.[[3]]

NO COMMISSION ISSUED TO TAKE DEPOSITION
Although the trial court orally granted the state's motion to take the deposition to perpetuate testimony, the state failed to submit a written order for the trial court's signature. No such written order was ever issued. As a result, the trial court did not order a commission to be issued to take the wife's deposition.
Florida Rule of Criminal Procedure 3.190(j)(5) provides: "Except as otherwise provided, the rules governing the taking and filing of oral depositions, the objections thereto, the issuing, execution and return of the commission and the opening of the depositions in civil actions shall apply in criminal cases." (Emphasis supplied.) Further, Florida Rule of Civil Procedure 1.330 entitled "Use of Depositions in Court Proceedings," provides in paragraph (d)(2): "Objection to taking a deposition because of disqualification of the officer before whom it is to be taken is waived unless made before the taking of the deposition begins or as soon thereafter as the disqualification becomes known or could be discovered with reasonable diligence." Rule 1.330 further provides:
Errors and irregularities occurring at the oral examination in the manner of taking the deposition, in the form of the questions or answers, in the oath or affirmation or in the conduct of parties and errors of any kind that might be obviated, removed or cured if promptly presented are waived unless timely objection to them is made at the taking of the deposition.
Fla.R.Civ.P. 1.330(d)(3)(B).
Prior to his motion to suppress the deposition, respondent never objected to the absence of either a written order or an appointment of a commission. The only objections tendered by Wells' attorney at the taking of the deposition were the wife's competency (the wife was under medication at the time) and the prejudicial setting of the witness in a hospital bed "with all sorts of oxygen and everything else."
Based upon the rules of procedure and the actions of Wells' attorney, Wells has *1294 waived any procedural defect upon which the trial court relied. Moreover, a review of the record reflects that Wells was not prejudiced by the absence of a written order appointing a commission. The deposition was taken before an official court reporter in compliance with Florida Rule of Criminal Procedure 3.190(j)(2).

DENIAL OF CONSTITUTIONAL RIGHTS TO CONFRONT WITNESS, TO HEAR WITNESS, AND TO CONFER WITH ATTORNEY.
A review of the transcript of the hearing on the motion to suppress reflects Wells testified he was directed to sit in a chair in the doorway of the hospital room.[4] The distance from Wells to the wife was approximately eight to twelve feet, and Wells had an unobstructed view of the wife while she testified. Wells' inability to hear based upon his testimony at the motion hearing was that one of his two hearing aids was not functioning during the deposition due to battery failure. Wells never informed anyone at the time of the deposition of the problem. At the motion hearing, Wells advised:
QUESTION: Could you hear the questions that were asked?
ANSWER: Part I did; part I didn't.
QUESTION: Did you hear the answers that were given?
ANSWER: Some of them, yes, sir; some them I didn't hear.
QUESTION: Did you have your hearing aids on that day?
ANSWER: No. I had them on, but one wasn't working.
QUESTION: One of them wasn't working?
ANSWER: One of them wasn't working. The battery was dead.
We cannot find that the state breached the respondent's constitutional rights when the respondent who has a hearing problem at a deposition fails to tell those present that he is having that problem.
Concerning Wells' inability to confer with his attorney during the deposition, the following excerpt from the record reveals that Wells admitted that, had he wanted, he could have conferred with his attorney.
BY THE COURT:
QUESTION: Did you have an opportunity during that time to confer with Mrs. McKinley about the questions and answers if you had wanted to?
ANSWER: If I wanted to, but I didn't ask any questions because I didn't understand all that was asked because I didn't hear that much.
QUESTION: Okay. If you wanted to ask a question or confer with Mrs. McKinley, would you have been able to do so?
ANSWER: Yes, I guess.
At the rehearing on Wells' motion, Wells' son-in-law, David M. Lewis, Jr., testified that the assistant state attorney attending the deposition instructed Wells prior to the deposition that Wells was to remain silent during the deposition. On cross-examination by the state, Lewis provided the following testimony:
QUESTION: Sir, I never told the defendant that he could not talk with his attorney, did I?
ANSWER: You didn't say that he could talk to anybody. You said he could not speak.
QUESTION: Wasn't my instruction to him that he could not make any response or gestures concerning the testimony that Ethel Wells was to make, as to scoffing, facial gestures, waiving of arms or laughing.
ANSWER: Right. He was to do absolutely nothing.
QUESTION: Isn't it a fact that I never told him he could not speak with his attorney during the presence  or that he could not indicate at any time that he was unable to hear?

*1295 ANSWER: You also did not tell him that he could, either.
Because the record does not support the trial court's finding, we hold the trial court erred in ruling there was a constitutional denial of confrontation of the witness or that there was a denial of an opportunity by Wells to confer with his attorney.

DEPOSITION TESTIMONY WAS MERELY CUMULATIVE
Section 90.403, Florida Statutes (1987) provides that "[r]elevant evidence is inadmissible if its probative value is substantially outweighed by ... the needless presentation of cumulative evidence." To characterize the testimony of a victim as cumulative, when the victim was wounded by a bullet alleged to be from Wells' gun in a case charging Wells with attempted homicide, defies logic. This witness is an important witness. The only other eyewitness to the alleged shooting was the second victim, Donnie Ray Allen. As a result of the trial court's ruling, the state would be prevented from adducing evidence of Mrs. Wells' statements to Wells at the time of the shooting. Furthermore, the state alleges that it anticipates that the defense will attempt to impeach Allen's credibility with evidence of the prior confrontations between Wells and Allen and of their dislike for each other. The introduction of the wife's testimony, which the state alleges will relate an account of the shooting consistent with Allen's account, would rebut such impeachment and strengthen the state's case.

AUTHENTICATION OF VIDEOTAPED DEPOSITION
In the motion to suppress, Wells' attorney alleged that before the videotape of the deposition was admissible, "the predicate for introducing the videotape requires that the operator be there, that the operator say he was trained in running the thing, knew how to operate it, that the equipment was working, and all that." Initially, we note that the predicate necessary to authenticate the videotape requires "evidence sufficient to support a finding that the matter in question is what its proponent claims." § 90.901, Fla. Stat. (1987). The state argues that the court reporter, who was present at the deposition and who completed her own independent record of the deposition, could authenticate the videotaped deposition. We agree. A court reporter is permitted to swear that the deposition recorded by that court reporter is a true record of the testimony given by a witness. Fla.R.Civ.P. 1.310(f). We discern no logical reason to prohibit the court reporter from testifying to the accuracy of a videotape recording when the court reporter was there and stenographically recording that same deposition.
We recognize that the trial court's ruling in this area of authenticating evidence should be sustained, unless the ruling is clearly erroneous. See Justus v. State, 438 So.2d 358 (Fla. 1983), cert. denied, 465 U.S. 1052, 104 S.Ct. 1332, 79 L.Ed.2d 726 (1984). Here, we find that the trial court's ruling was clearly erroneous.
The scope of review in a petition for common law certiorari is limited to whether the trial court acted without or in excess of its jurisdiction or whether an order does not conform to the essential requirements of the law and may cause material injury throughout subsequent proceedings for which the remedy by appeal would be inadequate. Gulf Cities Gas Corp. v. Cihak, 201 So.2d 250, 251 (Fla. 2d DCA 1967). We find that the trial court did depart from the essential requirements of the law for which the state has no remedy of appeal to correct the error in subsequent proceedings.
We grant the state's writ of certiorari and quash the trial court's order which suppressed the videotaped and written depositions of the wife. We remand this case for proceedings consistent with this opinion.
RYDER, A.C.J., and PATTERSON, J., concur.
NOTES
[1] Although there was a videotape recording and a court reported deposition, both will be characterized as a single deposition in this opinion.
[2] The wife died within two days of the deposition.
[3] We cannot determine from the record the reason for the trial judge's utilization of this fourth ground, which relates only to the authentication of a videotaped deposition, to suppress also the written deposition recorded by an official court reporter.
[4] At the hearing, the attorneys indicated this arrangement was devised to keep the hostile family members separated as much as possible.