757 So.2d 1226 (2000)
Barry STRINGER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-4325.
District Court of Appeal of Florida, Fourth District.
April 12, 2000.
Barry Stringer, Miami, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Steven R. Parrish, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
We review the order denying appellant's rule 3.850 motion for post-conviction relief and find that the trial court erred in summarily denying appellant's motion. The second claim in appellant's motion alleged the ineffectiveness of his defense counsel for failing to call an alibi witness. This claim was not conclusively refuted by the exhibits attached to the State's response and expressly incorporated in the trial court's order. Therefore, we reverse the order denying relief on this claim and remand this case to the trial court for an evidentiary hearing or attachment of further record support. We affirm the order denying the other claims of ineffective assistance of counsel raised in appellant's motion.
Appellant was charged with one count of burglary and one count of dealing in stolen property. Appellant claims he informed his attorney prior to trial that his landlord could establish an alibi for him and that his attorney, despite her assurance that she would call him as a witness, failed to do so. Based on the extent of the record presently *1227 before this court, the failure to call this alibi witness could have affected the outcome of this case. See Reid v. State, 682 So.2d 194 (Fla. 4th DCA 1996). A defendant is entitled to relief on the basis of ineffective assistance of counsel where there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different. See Strickland v. Washington, 466 U.S. 668, 691, 104 S.Ct. 2052, 2066-67, 80 L.Ed.2d 674 (1984).
On remand, the trial court is directed either to attach further record excerpts supporting its order of denial or to conduct an evidentiary hearing to confirm appellant advised counsel of his alibi defense, and, if so, why trial counsel failed to call the alleged alibi witness. If trial counsel's performance was deficient, the trial court must then make a determination, based on a complete review of the trial transcript, whether there is a reasonable probability that counsel's performance resulted in prejudice pursuant to the standard announced in Strickland.
STEVENSON, TAYLOR and HAZOURI, JJ., concur.