STEVENSON, J.
Jay Eubanks timely challenges the summary denial of his rule 3.850(a) motion for postconviction relief. In his motion, Eu-banks raised two claims for relief; we find one of the claims legally sufficient and thus reverse the summary denial of his postcon-viction motion.
After a jury trial, Eubanks was convicted of grand theft of a motor vehicle and resisting arrest without violence and sentenced to ten years prison for the grand theft count and one year county jail for the misdemeanor count. On direct appeal, his conviction and sentence were affirmed by this court. See Eubanks v. State, 784 So.2d 1118 (Fla. 4th DCA 2001).
In his 3.850 motion, Eubanks raised two claims. First, Eubanks claims that he was incompetent at his trial. The motion states:
I was not competent to stand trial due to medication.... [Wjith my medacine [sic] I hear voices and at my trial I’m not sure that I was competent because I’m not sure what voices I was hearing.
Secondly, Eubanks claims that his lawyer was ineffective for failing to call two witnesses, Alan and Kelly Sconurs, who would have testified that they stole the truck and that Eubanks did not know that the truck was stolen. Eubanks claims that he told his lawyer about these witnesses and that he wanted them to testify at the trial.
We find facially sufficient Eubanks’ claim that his counsel was ineffective in failing to call Alan and Kelly Sconurs as witnesses at the trial. Eubanks named the witnesses, described what they would have said, and explained how he was prejudiced by the absence of their testimony. Thus, the trial court erred in failing to hold an evidentiary hearing or attach portions of the record which refute the claim. See Jackson v. State, 711 So.2d 1371, 1372 (Fla. 4th DCA 1998)(holding that failure to call witnesses may be ineffective if witnesses’ testimony may have cast doubt on the defendant’s guilt, and the defendant names the witnesses, describes the content of their testimony, and explains how the absence of their testimony prejudiced *882 him)(citing Sorgman v. State, 549 So.2d 686 (Fla. 1st DCA 1989)).
Eubanks’ claim that he was denied due process because he was incompetent and heard voices during the trial is procedurally barred and legally insufficient. We agree with the First District’s conclusion that this type of claim is procedurally barred in a postconviction motion because it could have been raised on direct appeal. See Rosier v. State, 655 So.2d 160, 161 (Fla. 1st DCA), review denied, 663 So.2d 632 (Fla.1995).
Accordingly, we reverse and remand for either an evidentiary hearing or the trial court’s attachment of record portions conclusively refuting Eubanks’ ineffective assistance of counsel claim for the failure to call witnesses.
REVERSED and REMANDED.
GUNTHER and SHAHOOD, JJ„ concur.