844 So.2d 699 (2003)
Vincent PETER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-3349.
District Court of Appeal of Florida, Fourth District.
April 30, 2003.
Vincent Peter, Jasper, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant, Vincent Peter, appeals from an order summarily denying his motion for post-conviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850, raising two grounds of ineffective assistance of counsel. We affirm without discussion as to the first ground, but conclude that the trial court erred in summarily denying the second ground.
In his second ground, appellant alleged he advised defense counsel that he was home at the time of the offenses and that prior to trial he provided counsel with the names of several family members who were available to testify to that fact. Four of the named prospective alibi witnesses were present at the trial but counsel could *700 not call them to testify because he had never listed them as witnesses. Since identity was the primary issue at trial, appellant contended that counsel's failure to present the witnesses in support of his alibi defense was unreasonable. According to appellant, counsel attempted to place the blame on him by contending that appellant's late decision to testify was the cause for not listing the alibi witnesses. However, it was not necessary for appellant to testify in order for counsel to call the alibi witnesses. Additionally, appellant contended that the way counsel argued to the jury that appellant's decision to testify was last-minute and against his advice constituted criticism of appellant's decision before the jury and suggested that the alibi defense was a last-minute fabrication which both discredited his testimony and highlighted the failure to call the other family members to corroborate it.
A claim that counsel failed to call a witness who could establish an alibi states a facially sufficient ground for relief. See Stringer v. State, 757 So.2d 1226 (Fla. 4th DCA 2000). While the state asserted that the proposed witnesses' testimony would have been cumulative to appellant's own alibi testimony, the testimony of a witness should not be excluded as cumulative if doing so reduces the case to a credibility contest between the victim and the defendant. Cf. State v. Wells, 538 So.2d 1292, 1295 (Fla. 2d DCA 1989) (holding that testimony of one of two shooting victims would not be cumulative to the other victim's account; there were no other witnesses to the incident and this excluded testimony could have helped corroborate the testimony of the victim who in fact was allowed to testify). In this case, appellant's own testimony was impeached by his admission to five prior felony convictions. Appellant claimed there was no physical evidence connecting him with the crime. The eyewitnesses, who did not know their assailants, did not pick appellant's photograph out of a line-up until almost two months after the offense. Under the circumstances, appellant's motion alleged a reasonable probability that counsel's failure to call alibi witnesses affected the outcome of the proceeding. See Strickland v. Washington, 466 U.S. 668, 691, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Accordingly, we affirm in part, reverse in part, and remand for either an evidentiary hearing or the attachment of further portions of the records conclusively refuting appellant's second ground.
FARMER, KLEIN and GROSS, JJ., concur.