852 So.2d 397 (2003)
Kenneth R. GILBERT, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-1105.
District Court of Appeal of Florida, Fourth District.
August 20, 2003.
Kenneth R. Gilbert, Raiford, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Claudine M. LaFrance, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Kenneth R. Gilbert appeals an order summarily denying his rule 3.850 motion for postconviction relief and the order denying his motion for rehearing. We affirm without discussion as to appellant's first three grounds for postconviction relief, but reverse the summary denial as to the fourth ground.
Following a jury trial, appellant was found guilty of burglary of an occupied structure. At trial, Eugene Gallina testified that he arrived for work at Tropical Shipping at 5:00 a.m. and saw a man walking around the back of the warehouse with a set of bolt cutters and a Snap-on toolbox. He looked suspicious, so Gallina walked over and asked who he was. When Gallina approached, the man ran out of the building, and Gallina could not catch up to him. On returning to the building, Gallina found a wallet on the floor. It contained appellant's photo identification, which appeared to Gallina to be the same person he had just seen. At trial, however, Gallina was not certain that appellant was the man he had seen.
We find facially sufficient appellant's fourth ground for relief, alleging that his *398 trial counsel was ineffective for failing to investigate and call an alibi witness, Cephus Russel. According to the motion, appellant timely gave his counsel Russel's name and where he could be located. Russel was willing and able to testify. Russel's testimony could have exonerated him, or at least could have cast doubt on his guilt. He alleges that Russel would have testified that appellant was with him at another location from 10:00 p.m. to 6:00 a.m., when the offense occurred. See Eubanks v. State, 819 So.2d 880 (Fla. 4th DCA 2002); Stringer v. State, 757 So.2d 1226 (Fla. 4th DCA 2000).
The order of summary denial is reversed as to the fourth ground for relief and remanded for either an evidentiary hearing or the trial court's attachment of record portions conclusively refuting appellant's fourth ground for relief.
AFFIRMED in part, REVERSED in part, and REMANDED.
POLEN, TAYLOR and MAY, JJ., concur.