884 So.2d 70 (2004)
Andres ORTIZ, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-1135.
District Court of Appeal of Florida, Second District.
March 31, 2004.
*71 NORTHCUTT, Judge.
Andres Ortiz, also known as Andres Ortiz Hernandez, appeals the order denying his motion for postconviction DNA testing filed pursuant to Florida Rule of Criminal Procedure 3.853 and section 925.11, Florida Statutes (2001). We reverse because the record does not conclusively show that Ortiz is entitled to no relief.
Ortiz was convicted by a jury of five counts of capital sexual battery and one count of kidnaping. This court reversed one sexual battery conviction and affirmed the others. Hernandez v. State, 586 So.2d 1344 (Fla. 2d DCA 1991). Subsequently, Ortiz filed a facially sufficient motion for DNA testing of the anal, vaginal, and oral swabs from the rape kit, the victim's clothing, and the victim's saliva. In response to the circuit court's order to show cause, the State conceded that Ortiz was entitled to DNA testing of everything except the victim's saliva sample, which would not contain Ortiz's DNA.
Despite this concession, the circuit court denied the motion, stating that "there is no reasonable probability that the Defendant would have been acquitted or would have received a lesser sentence if the DNA evidence had been admitted at trial." The circuit court concluded that Ortiz "and all the witnesses put the Defendant with [the] victim all night long. The State's own expert witness (crime lab analyst in serology) testified she would have eliminated the Defendant from the case, which did not sway the jury in favor of the Defendant." The court concluded that "a reasonable jury deduced the consistent testimony of the victim and the witnesses was overwhelming enough to convict the Defendant of the charged crimes[;] consequently a DNA test would not change the outcome."
On appeal from the summary denial of a rule 3.853 motion, "unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing or other appropriate relief." Fla. R.App. P. 9.141(b)(2)(D). Thus, we may affirm the summary denial in this case only if the record conclusively shows that there is no reasonable probability that Ortiz would have been acquitted or would have received a lesser sentence if favorable DNA evidence was admitted at trial. Our record is limited to Ortiz's motion with an attached transcript of the State's closing argument, the show cause order, the State's response, and the circuit court's order with attachments. See Fla. R.App. P. 9.141(b)(2)(A).
From this limited record, we cannot say there is no reasonable probability that the jury would have reached a different verdict if presented with DNA evidence that excluded Ortiz. Although it was undisputed that the victim was sexually assaulted, the trial was a credibility contest between Ortiz and the victim regarding whether *72 Ortiz was the perpetrator of the assaults. Ortiz has alleged that, according to the medical testimony, the semen found in the victim could have been placed there as many as three days before, and that penetration could have occurred within a day or two. These facts were consistent with Ortiz's defense that the victim was assaulted by someone else before she left with Ortiz. Ortiz has also alleged that the State's blood grouping tests excluded him as the perpetrator but that the State discredited this evidence in closing argument.
Because rule 3.853 and section 925.11 are fairly new, there is little case law interpreting and applying their provisions. We have held that identity is at issue even when the victim provides a positive identification. Zollman v. State, 820 So.2d 1059 (Fla. 2d DCA 2002). Although Ortiz was apparently known to the victim, his identity as the perpetrator was at issue, and DNA testing would speak directly to this point because semen was recovered from the victim.
The circuit court denied the request for DNA testing because the jury had not been swayed by the blood grouping tests, essentially finding that DNA evidence would have been cumulative. But the circuit court did not address the State's effort to discredit the blood grouping test results in closing argument.[1] We do not agree that DNA evidence would have been cumulative for two reasons. First, as attested by the very existence of rule 3.853, DNA evidence is qualitatively different in kind than other forms of evidence, including blood grouping evidence. Second, the State impeached the blood grouping tests by arguing that the sample was too small for an accurate result. In Taylor v. State, 522 So.2d 418 (Fla. 5th DCA 1988), the Fifth District held that although newly discovered testimony would have been consistent with testimony at trial by several defense witnesses, it was not cumulative because the newly discovered testimony was offered by the only independent defense witness. The other defense witnesses were either drinking buddies or relatives of the defendant, and their bias in favor of the defendant was emphasized by the State. See also State v. Wells, 538 So.2d 1292 (Fla. 2d DCA 1989) (quashing order that precluded State from introducing first victim's testimony and holding that it was not cumulative to second victim's testimony because first victim would rebut the impeachment of the second victim and strengthen the State's case).
Given the allegations by Ortiz as to the time span during which the sexual batteries could have occurred, the exculpatory nature of the blood grouping tests, and the State's attack on the weight of that evidence, the record before us does not conclusively show that there is no reasonable *73 probability DNA evidence would exonerate Ortiz.
Rule 9.141(b)(2)(D) directs us to reverse an order summarily denying postconviction relief when the record does not conclusively show that the defendant is entitled to no relief. It further directs us to remand "for an evidentiary hearing or other appropriate relief." In this case, DNA testing is the appropriate relief. Accordingly, we reverse and remand for DNA testing of the specified evidence minus the victim's saliva, as conceded by the State's response to the circuit court's show cause order.
Reversed and remanded.
CASANUEVA and KELLY, JJ., Concur.
NOTES
[1] Ortiz attached a transcript excerpt reflecting that the State argued as follows:

Now what's the importance of all this [blood testing]? If this case were about a girl who is abducted in the dark by someone she cannot see and does not know ... and there is no evidence on the identity of that perpetrator and if the State seeks to prove its case solely through scientific evidence then maybe we've got to depend on this and maybe we've got to try and argue how reliable it is. But think about science for a minute. We don't have any 101 percent sciences, we have sciences, they are a body of knowledge about a specific thing. This is serology as a science. But it's not 110 percent.... So that the only way you can believe that [the crime lab analyst] is correct about there being a sufficient sample of semen to find the blood group substance, the only way is that she was raped before [Ortiz] got her.... This one factor doesn't change an abiding conviction of guilt in this case. What it does is it makes it a curious piece of evidence. It makes you wonder whether [the crime lab analyst] is correct in her opinion that there was a sufficient sample....