ON MOTION FOR REHEARING
PER CURIAM.
We deny the state’s motion for rehearing, but withdraw our opinion of June 22, 2005, and substitute the following one:
Kevin R. Gilbert appeals the order summarily denying the fourth ground of his rule 3.850 motion for post-conviction relief and the order denying his motion for rehearing. We reverse.
Previously, this court reversed in part the trial court’s summary denial of Defendant’s post-conviction motion where Defendant claimed his trial counsel was ineffective for failing to investigate and call a named alibi witness. See Gilbert v. State, 852 So.2d 397 (Fla. 4th DCA 2003). On remand, the trial court ordered the state to respond, and the state asserted that the ground was conclusively refuted by two exhibits from the record. In one, a transcript of a calendar call, Defendant insisted on proceeding to trial in spite of his counsel’s request for a continuance to investigate additional information that had recently come to his attention. However, that investigation was not related to the alibi witness issue raised here. The other exhibit was an excerpt from the trial transcript in which Defendant was questioned about his decision not to testify. Neither of these exhibits address the question of why counsel had not investigated and called the alleged alibi witness.
As the claim is legally sufficient and the record attachments did not conclusively refute it, we reverse the order of summary denial and remand for an evidentiary hearing, or the attachment of portions of the record that conclusively refute the claim.

Reversed and remanded.

STONE, SHAHOOD and TAYLOR, JJ., concur.