PER CURIAM.
Vernon Carter timely appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In the motion, Carter raises thirty-two issues. We affirm thirty-one of the issues without comment. We reverse and remand on the remaining issue.
Following a jury trial, Carter was found guilty of kidnapping, carjacking, attempted strong arm robbery, and battery upon a person 65 years of age or older. In his fourth ground for relief, Carter alleges that his trial counsel was ineffective for failing to investigate and call alibi witness “Butch.” Carter alleges that Butch would have testified and produced “work records” showing that, on the day in question, Carter was with Butch in Orlando on a roofing job; and, thus, Carter could not have committed crimes in the Fort Laud-erdale area. Carter states that he informed his attorney about Butch and that Butch was available to testify. Carter further alleges that, while the victim identified his photo from a lineup, Carter was not placed in the carjacked vehicle until some ten days after the offenses took place, and then, in a different county.
The state properly concedes, and we agree, that Carter’s fourth claim is facially sufficient, requiring remand for either an evidentiary hearing or attachment of those portions of the record which conclusively refute Carter’s claim. See Gilbert v. State, 852 So.2d 397 (Fla. 4th DCA 2003) (finding facially sufficient appellant’s claim that his trial counsel was ineffective for failing to investigate and call an alibi witness where appellant alleged that he timely gave his counsel the witness’s name and where he *1262 could be located, and alleged that the witness was willing and able to testify).

Reversed and Remanded.

STEVENSON, C.J., STONE and HAZOURI, JJ., concur.