ALTENBERND, Judge.
Bernard Danelle Ackerman appeals an order summarily denying his motion for postconviction DNA testing pursuant to Florida Rule of Criminal Procedure 3.858 and an order that prohibits him from filing future pro se posteonvietion challenges to his judgment and sentence. Our limited record suggests that it is highly unlikely that any DNA evidence exists in this case, but the record does not conclusively refute Mr. Ackerman’s sworn claim in his amended motion for DNA testing and supporting memorandum of law that such evidence does exist. We therefore reverse the order summarily denying the motion for DNA testing and remand for further proceedings. See Fla. R.App. P. 9.141(b)(2)(D).
To permit Mr. Ackerman the ability to participate in these further proceedings, we also reverse the order prohibiting Mr. Ackerman from filing additional pro se challenges to his judgment and sentence. However, pending the outcome of the rule 3.853 motion, the circuit court is not required to accept new postconviction motions filed pursuant to Florida Rules of Criminal Procedure 3.850 or 3.800 or petitions for habeas corpus challenging the conviction. If the circuit court ultimately concludes that Mr. Ackerman’s sworn allegations in the amended motion for DNA testing are incorrect, it may reissue the order prohibiting further filings.
*451 Mr. Ackerman is serving a life sentence for capital sexual battery that was imposed in 1997 for events occurring in 1996. We affirmed his judgment and sentence on direct appeal in 1999. Ackerman v. State, 736 So.2d 1186 (Fla. 2d DCA 1999). Since then, he has filed numerous postconviction motions and petitions in the circuit court challenging this judgment and sentence, all of which have been denied. In published and unpublished table decisions, we have denied Mr. Ackerman relief in several appellate proceedings arising from his post-conviction pleadings.[1]
Mr. Ackerman has now filed a motion for postconviction DNA testing. In the initial version of this motion, he alleged that a specific physician had collected DNA evidence relevant to his case and that the DNA evidence, if tested, would exonerate him. Mr. Ackerman attached to the motion the trial testimony of the physician. That testimony, however, refuted Mr. Ackerman’s claim; it did not support it. The physician specifically denied conducting an “intrusive” or “internal” examination of the victim. The physician indicated that if an individual case required such an exam, the exam would be referred to and performed by another named physician. The testimony did not address, however, whether any such referral was made in this case or whether the facts of the case would have militated against such a referral.
The circuit court denied Mr. Ackerman’s initial motion as facially insufficient. Mr. Ackerman then filed an amended motion alleging that a rape kit containing DNA evidence had been created as part of a physical exam of the child and that the rape kit was located either at the Sarasota Police Department or the Florida Department of Law Enforcement. The circuit court considered this motion on the merits but summarily denied it. The court held that the physician’s testimony attached to Mr. Ackerman’s motion, as well as the physician’s similar pretrial deposition testimony provided by the State, conclusively refuted Mr. Ackerman’s claim that DNA evidence existed.
We agree that the physician’s testimony conclusively refutes Mr. Ackerman’s initial allegation that this physician collected DNA evidence suitable for testing. It does not, however, conclusively refute Mr. Ackerman’s broader claim in the amended motion that such evidence otherwise exists. In addition, Mr. Ackerman has established *452 that identity was a disputed issue at trial. See Ortiz v. State, 884 So.2d 70, 72 (Fla. 2d DCA 2004). We must therefore reverse the order denying this motion and remand for further proceedings. On remand, if there are other portions of the record that conclusively refute this claim, the circuit court may once again deny it and attach those portions of the record to the order. If the claim cannot be conclusively refuted by the record, a limited evidentiary hearing on the existence of such DNA evidence should be held.
When the circuit court denied Mr. Ack-erman’s amended motion for DNA testing, it also ordered Mr. Ackerman to show cause why he should not be prohibited from filing future pro se challenges to his conviction in this case. The order detailed the numerous unsuccessful pro se pleadings filed by Mr. Ackerman. Some of these motions had simply realleged issues that had already been decided adverse to Mr. Ackerman. Mr. Ackerman responded to the order to show cause but provided no reasonable explanation for his repeated filings of frivolous motions. The circuit court found Mr. Ackerman’s response unavailing and entered an order prohibiting him from filing further pro se posteonviction challenges to this conviction and sentence.
If we could conclude based upon the record before us that Mr. Ackerman was not entitled to any relief in his claim for DNA testing, we would not hesitate to affirm the circuit court’s order prohibiting Mr. Ackerman from filing future pro se challenges to this conviction. See State v. Spencer, 751 So.2d 47 (Fla.1999). Because additional proceedings are required on the motion for DNA testing, we also reverse the sanction order but only to the extent required to allow Mr. Ackerman to fully participate in further proceedings related to the DNA motion. On remand, if the circuit court concludes that Mr. Acker-man’s motion for DNA testing is factually incorrect it may reissue the sanction order. If it determines that Mr. Ackerman’s motion is factually correct, it should vacate the sanction order in its entirety.
Reversed and remanded for further proceedings.
FULMER, C.J., and KELLY, J., Concur.

. Ackerman v. State, 780 So.2d 66 (Fla. 2d DCA 2000) (table decision) (Case No. 2D00-2350) (affirming without opinion the summary denial of Ackerman’s first motion for postconviction relief pursuant to Fla. R.Crim. P. 3.850); Ackerman v. State, Case No. 2D00-4991 (Fla. 2d DCA Feb. 1, 2001) (unpublished order) (denying review of the summary denial of Ackerman’s first petition for writ of habeas corpus); Ackerman v. State, 793 So.2d 940 (Fla. 2d DCA 2001) (table decision) (Case No. 2D01-2878) (denying without opinion Acker-man’s petition for writ of mandamus); Ackerman v. State, 803 So.2d 720 (Fla. 2d DCA 2001) (table decision) (Case No. 2D01-3746) (affirming without opinion the summary denial of Ackerman’s first motion to correct illegal sentence); Ackerman v. Moore, 803 So.2d 720 (Fla. 2d DCA 2001) (table decision) (Case No. 2D01-4054) (denying review of a summary denial of Ackerman’s second petition for writ of habeas corpus); Ackerman v. Moore, 803 So.2d 720 (Fla. 2d DCA 2001) (table decision) (Case No. 2D01-4480) (denying review of a (summary denial of Ackerman’s third petition for writ of habeas corpus); Ackerman v. State, 875 So.2d 598 (Fla. 2d DCA 2004) (table decision) (Case No. 2D04-379) (affirming without opinion the summary denial of Acker-man's second motion to correct illegal sentence); Ackerman v. State, 906 So.2d 1066 (Fla. 2d DCA 2005) (table decision) (Case No. 2D05-1894) (denying petition for writ of cer-tiorari without opinion); Ackerman v. State, 941 So.2d 372 (Fla. 2d DCA 2006) (table decision) (Case No. 2D06-3899) (denying an unspecified original proceeding).