987 So.2d 235 (2008)
Kevin DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-1015.
District Court of Appeal of Florida, Fourth District.
July 30, 2008.
Kevin Davis, Bristol, pro se.
No appearance required for appellee.
POLEN, J.
This is an appeal from the trial court's order summarily denying appellant's motion for post-conviction relief, pursuant to Florida Rule of Criminal Procedure 3.850. Appellant raised nine separate grounds that trial counsel was ineffective. We affirm all grounds without comment, with the exception of ground eight. As to this claim, appellant asserted counsel was ineffective for failure to investigate and call alibi witnesses. We find appellant's claim facially insufficient, but remand to the trial court to grant leave to amend.
While appellant was on probation, he was arrested for his involvement in a burglary. During the subsequent violation of probation hearing, appellant was adjudicated guilty and sentenced to ten years in prison. Appellant then filed this timely motion for post-conviction relief. Appellant alleged in this motion, inter alia, that trial counsel was deficient for failing to interview or call alibi witnesses once the probation violation hearing commenced. Appellant's motion was silent as to the witness's identity, substance of testimony, availability to testify or the prejudicial effect of the witness failing to testify. As such, we find appellant's claim facially insufficient. See Nelson v. State, 875 So.2d 579, 581-84 (Fla.2004); Stringer v. State, 757 So.2d 1226, 1226-27 (Fla. 4th DCA 2000).
In Spera v. State, 971 So.2d 754 (Fla. 2007), however, the supreme court held such insufficient claims should be dismissed with leave to amend, if the petitioner can do so, to provide the necessary allegations. Accordingly, we reverse in part the lower court's order denying relief and remand to the lower court with leave to amend ground eight within a specific period of time, as outlined in Spera.
FARMER and HAZOURI, JJ., concur.