PER CURIAM.
 

 We reverse the trial court’s summary denial of Appellant’s first, third, fifth, and
 
 *901
 
 eighth claims in the instant rule 3.850 proceeding as the trial court has failed to conclusively refute the allegations raised therein. We find that these four claims must be resolved in an evidentiary hearing.
 

 In his first claim, Appellant alleged that defense counsel was ineffective for failing to call Matthew Thomas as a witness at Appellant’s jury trial. According to Appellant, Thomas would have testified,
 
 inter alia,
 
 that while incarcerated with Appellant’s co-defendant, Keith Holloway, at the Brevard County Detention Center, Holloway informed Thomas that he (Holloway) shot the victim and that Appellant was neither in the vehicle at the time of the shooting nor otherwise involved in the events that culminated in the death of the victim.
 

 In claim five, Appellant raised a claim of newly discovered evidence, alleging that co-defendant Keith Holloway was now willing to testify on behalf of Appellant that Appellant was neither at the scene of the shooting nor otherwise involved.
 
 [1]
 
 Furthermore, Appellant alleged that Holloway would testify that he (Holloway) was the actual shooter and that he was accompanied at the scene by Reginald Patterson and Allen Patterson. Finally, Holloway would testify that after fleeing from the scene in Reginald Patterson’s purple Crown Victoria, the three men would later switch cars and flee in Ashley Barks’ vehicle.
 

 In claim three, Appellant alleged that defense counsel was ineffective for failing to call Ashley Barks as a witness at Appellant’s trial. According to Appellant, Barks was the girlfriend of Allen Patterson at the time of the crime and would testify that, in its immediate aftermath, she was awakened by Allen Patterson at her home and told by Allen that he needed to borrow her car to take Reginald Patterson and Keith Holloway home. Barks would further testify that Appellant was not present during this conversation and that she would later be told by Allen Patterson that he (Allen Patterson) was involved in the offenses.
 

 The trial court denied Appellant’s first claim, finding that any testimony regarding the statements made by co-defendant Keith Holloway while in jail would be merely cumulative to the same testimony actually offered by co-defendant Reginald Patterson at Appellant’s trial. As for the potential testimony of Holloway himself (claim five), the trial court again concluded that any such testimony would be merely cumulative of the trial testimony of co-defendant Reginald Patterson. Finally, with respect to the testimony of Ashley Barks, the trial court concluded that her testimony would not have affirmatively demonstrated that Appellant was not otherwise involved in the offense.
 

 We conclude that these claims, as well as Appellant’s eighth claim (cumulative error), should be reversed and remanded for an evidentiary hearing. It is apparent from the instant record that Appellant’s defense at trial was premised on a mistaken identity between himself and Allen Patterson. Although Appellant did not take the witness stand himself, he did present the testimony of his girlfriend, who testified that Appellant was at her house, where he spent the night, during the time when the instant crimes occurred. In addition, Appellant also offered the testimony of another co-defendant, Reginald Patterson, who testified that Appellant was not involved in the shooting nor present at the scene of the crime, but that Allen Patterson was.
 

 
 *902
 
 Because the record appears to support the conclusion that the instant case boiled down to a credibility contest between the testimony of witnesses from the State and the defense, we are not convinced that the trial court’s conclusion that the apparently cumulative nature of the testimony of potential witnesses Matthew Thomas and Keith Holloway is sufficient to conclusively refute claims one and five.
 
 Cf. Peter v. State,
 
 844 So.2d 699, 699 (Fla. 4th DCA 2003) (“[T]he testimony of a witness should not be excluded as cumulative if doing so reduces the case to a credibility contest between the victim and the defendant.”). Nor are we persuaded by the trial court’s summary conclusion as to claim three that Ashley Barks’ testimony that Appellant was not present when she spoke to Reginald, Keith, and Allen in the immediate aftermath of the offenses would be irrelevant.
 

 Instead, we believe these claims should be entertained at an evidentiary hearing where the trial court will have an opportunity to evaluate the credibility of these potential witnesses and determine whether there exists a reasonable probability that Appellant’s trial might have resulted in a different outcome had this testimony been offered.
 

 We affirm the trial court’s summary denial of Appellant’s remaining claims.
 

 AFFIRMED in part; REVERSED in part; and REMANDED.
 

 SAWAYA, LAWSON, and COHEN, JJ„ concur.
 

 [1]
 

 . According to Appellant, at the time of Appellant's trial, co-defendant Keith Holloway had not been tried and was asserting his Fifth Amendment privilege.