IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

GREGORY TOLLIVER,

       Appellant,

v.                            Case No.  5D17-4107

STATE OF FLORIDA,

       Appellee.

_____/

Opinion filed May 25, 2018

3.850 Appeal from the Circuit
Court for Sumter County,
William H. Hallman, III, Judge.

Gregory Tolliver, Panama City, pro se.

No Appearance for Appellee.


PER CURIAM.

     Gregory Tolliver, Appellant, appeals the summary denial of his Florida Rule of

Criminal Procedure 3.850 motion, arguing, among other things, that the lower court has

not conclusively refuted his claim that his trial counsel was ineffective for failing to

investigate and call exculpatory witnesses at trial.  We agree and reverse as to that claim.

We affirm the trial court's summary denial as to Appellant's other claims.

     Appellant was convicted at trial of stealing a diamond ring while he and another

man, Christopher Johnson, were painting the victim's house.  At trial, the State presented

the testimony of only three witnesses—the victim, a detective, and Johnson. Appellant's theory of defense was that Johnson stole the ring, and that Appellant forcefully retrieved the ring from Johnson so that he could return it to the victim.

In his post-conviction motion, Appellant alleged that his trial counsel was ineffective for failing to investigate and call two witnesses. The first proposed witness was the victim's neighbor, Mr. Taylor, who Appellant alleges would have testified that he saw Johnson enter the victim's residence while both the victim and Appellant were away purchasing supplies.

The second proposed witness was a woman named Gina, who Appellant told police is a hairdresser living in The Villages. Appellant alleged that Gina would have testified that she saw Appellant forcefully retrieve the diamond ring from Johnson.

The trial court summarily denied Appellant's motion reasoning that the testimony of these proposed witnesses conflicted with the testimony of other witnesses at trial. As to Mr. Taylor, the trial court summarily denied the claim because, although the victim allegedly told Appellant that Mr. Taylor saw someone enter the residence while Appellant was away, the victim later testified that he made that story up as a bluff to get his ring back. As to the second witness, the trial court reasoned that Gina's proposed testimony would have conflicted with Johnson's testimony—the very person Appellant identified as the actual perpetrator.

Given the nature of the evidence presented at trial, and assuming that the proposed witnesses will testify as Appellant alleges, we conclude that this case appears to turn on a credibility determination between the testimony of the victim and Johnson for the State and that of Appellant's proposed witnesses. *See Payne v. State*, 21 So. 3d 900,

902 (Fla. 5th DCA 2009). In such a case, Appellant is entitled to an evidentiary hearing, or the attachment of records that conclusively refute Appellant's claim. *Id.*

REVERSED in part; AFFIRMED in part; and REMANDED.

COHEN, C.J., and EISNAUGLE, J., concur.
BERGER, J., concurs in result only.