# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**YASMANY NOA,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D22-0575

[March 1, 2023]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Peter Holden, Judge; L.T. Case No. 12-14282CF10A.

Yasmany Noa, Century, pro se.

Ashley Moody, Attorney General, Tallahassee, and Jeanine Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

The defendant appeals an order summarily denying a rule 3.850 motion. He argues the trial court erred in summarily denying the motion because two of his related claims required an evidentiary hearing: (1) his counsel's failure to file a notice of alibi; and (2) his counsel's failure to call alibi witnesses. We agree, reverse, and remand.

The State charged the defendant with three counts of attempted first-degree murder, shooting into an occupied vehicle, and aggravated battery. The jury convicted him of all charges but the aggravated battery. The charges arose from an incident in which a car was rear-ended and then shot into. The victims included the defendant's ex-girlfriend, her son, and another friend who was driving the car at the time.

All three victims testified and identified the defendant as the perpetrator. The defendant testified he was with his current girlfriend and family in the Keys when the incident occurred. During deliberations, the jury asked whether any testimony placed the defendant in Key West at the time of the incident.

The defendant filed a timely rule 3.850 motion and an amended motion. The State responded to the amended motion. The trial court granted the defendant leave to amend, but ultimately summarily denied the amended motion, adopting the State's response. The defendant now appeals.

In the trial court, the defendant alleged he asked his counsel to call five named witnesses to support his alibi defense. They were available and would have testified he was in Key West at the time of the shooting in Broward. He also argued his counsel's failure to file a notice of alibi prevented him from calling those witnesses. The court had allowed only the defendant to testify. The defendant suggested counsel's failure to call these witnesses prejudiced his defense as demonstrated by the jury asking during deliberations: "Do we have any testimony that puts [the defendant] in Key West at the time of the incident?"

The State responded that no defense witnesses were listed, and the defense never attempted to call any witnesses besides the defendant. The State argued the alibi witnesses would have been cumulative to the defendant's testimony, and counsel is not ineffective for failing to present cumulative evidence. The State also disagreed there was any reasonable probability of a different outcome because of the strong direct evidence and eyewitness identification of the defendant. The three victims knew the defendant personally and were certain they correctly identified him as the perpetrator.

The trial court agreed with the State that counsel could not be ineffective because additional alibi witnesses would have been cumulative. The trial court also agreed there was no reasonable probability the witnesses' alleged testimony would have changed the outcome because the State's witnesses, who knew the defendant, identified him.

On appeal, the defendant continues to argue his claims concerning counsel's failure to file a notice of alibi and to call the alibi witnesses are facially sufficient and not refuted. Thus, the trial court erred in summarily denying his motion. The State responds, as it did in the trial court, counsel cannot be deficient because the alibi witnesses' testimony would have been cumulative.

Testimony from other witnesses supporting a defendant's own testimony is not necessarily cumulative. As we recognized in *Peter v. State*, 844 So. 2d 699 (Fla. 4th DCA 2003): "A claim that counsel failed to call a witness who could establish an alibi states a facially sufficient ground for relief." *Id.* at 700 (citing *Stringer v. State*, 757 So. 2d 1226 (Fla. 4th DCA

2

2000)). While the State suggests the proposed witnesses' testimony would have been cumulative, that testimony should not be excluded if doing so reduces the case to a credibility contest between the victim and the defendant. *Id.*

The defendant relies on our decision in *Peter* to support his position. Despite factual differences, we agree that *Peter* is not only instructive, but supports the defendant's position.

In *Peter*, the eyewitnesses did not know their assailants, and did not pick the defendant's photograph out of a lineup until almost two months after the offense. *Id.* Here, the eyewitnesses knew the defendant and identified him immediately. In *Peter*, no physical damage corroborated the victim's testimony. But here, front-end damage to the defendant's car, while not conclusive, corroborated that the defendant rear-ended the victim's car.[1]

More importantly, here the victims had a history with the defendant which could support his theory the offenses were fabricated. And the jury specifically asked if any other alibi testimony supported defendant's claim that he was in Key West.

To state a facially sufficient claim of ineffective assistance of counsel based on the failure to call a witness, "the movant must allege the identity of the potential witness, the substance of the witness's testimony, an explanation of how the omission of the testimony prejudiced the outcome of the case, and a representation that the witness was available for trial." *Thomas v. State*, 284 So. 3d 1167, 1168 (quoting *Leftwich v. State*, 954 So. 2d 714, 714 (Fla. 1st DCA 2007)). The defendant identified the five witnesses and advised they would testify he was in Key West when the incident occurred.

As our supreme court explained:

> [A] claim of ineffectiveness in failing to present important exculpatory evidence cannot be resolved on the basis of the

---

[1] A crime scene detective examined the cars at the police station and testified that damage to the defendant's right front bumper was consistent with it hitting the car, but he could not say the damage to the car was caused by the defendant's car. The detective could only testify the evidence was consistent with the victims' version of what happened. He did not conduct a chemical analysis or attempt to match the paint and agreed the defendant could have hit something else.

mere existence of conflicting evidence in the record. Rather, the record evidence must conclusively rebut the claim if the claim is to be resolved without a hearing. For example, if the record demonstrated that these witnesses had actually testified, the claim would obviously be conclusively rebutted.

However, the mere existence of evidence of guilt is insufficient to conclusively rebut a claim of ineffectiveness in failing to present evidence of innocence in the form of known and available alibi witnesses.

*Jacobs v. State*, 880 So. 2d 548, 555 (Fla. 2004).

"Additional testimony is not cumulative if it differs in quality and substance and may enhance a defendant's case with the jury." *Thomas*, 284 So. 3d at 1168 (citing *Valle v. State*, 502 So. 2d 1225, 1226 (Fla. 1987)). Even if the substance is somewhat cumulative, counsel could be ineffective for failing to call a witness where the case is essentially a credibility contest between State and defense witnesses. *Payne v. State*, 21 So. 3d 900, 902 (Fla. 5th DCA 2009).

We therefore reverse and remand the case for an evidentiary hearing where the trial court can evaluate the potential alibi witnesses' credibility and determine whether there is a reasonable probability this testimony could have changed the outcome, or for the attachment of records conclusively refuting the claims consistent with this opinion.

*Reversed and remanded for further proceedings.*

CIKLIN and ARTAU, JJ., concur.

*             *             *

***Not final until disposition of timely filed motion for rehearing.***

4