718 So.2d 755 (1998)
STATE of Florida, Petitioner,
v.
Raul VAZQUEZ, Respondent.
No. 91541.
Supreme Court of Florida.
August 27, 1998.
*756 Robert A. Butterworth, Attorney General, Celia A. Terenzio, Senior Assistant Attorney General, Chief of Criminal Law, and Diana K. Bock, Assistant Attorney General, Tampa, for Petitioner.
Richard L. Jorandby, Public Defender and Steven H. Malone, Assistant Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for Respondent.
PER CURIAM.
We have for review Vazquez v. State, 700 So.2d 5, 14 (Fla. 4th DCA 1997), in which the district court, on rehearing, certified the following question as one of great public importance:
Does the inaccuracy or incompleteness of the current standard jury instruction for the defense of entrapment reflect a fundamental change in the law requiring retroactive application to all cases after [Munoz v. State, 629 So.2d 90 (1993)], or is it instead an evolutionary change in the law requiring only prospective application?
We find that we should decline to address this certified question because the district court did not actually rule on the issue raised by the question. See Gee v. Seidman & Seidman, 653 So.2d 384 (Fla.1995). We do note, however, that the standard jury instruction on the defense of entrapment was recently modified by our opinion in Standard Jury Instructions in Criminal Cases, 23 Fla. L. Weekly, S407, S415-16, ___ So.2d ___, ___-___ (July 16, 1998).
Accordingly, we dismiss this cause.
It is so ordered.
HARDING, C.J., and OVERTON, SHAW, KOGAN, WELLS, ANSTEAD and PARIENTE, JJ., concur.