721 So.2d 350 (1998)
Jorge ORTEGA, Appellant,
v.
STATE of Florida, Appellee.
No. 96-02775.
District Court of Appeal of Florida, Second District.
October 23, 1998.
James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Assistant Public Defender, Clearwater, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellee.
BLUE, Acting Chief Judge.
Jorge Ortega appeals his conviction for conspiracy to traffic in cocaine and argues that error occurred when the trial court denied his motion to suppress a videotaped statement he gave to the police and when the trial court allowed one of the law enforcement officers to translate the Spanish portions of this statement for the jury. We find no error in the suppression order and affirm on that issue. We agree, however, that error occurred with regard to the officer's translation of the statements. Accordingly, we reverse and remand for a new trial.
This case involved no exchange of drugs or money. Instead, the State offered evidence showing that Ortega agreed to try to locate drugs for Arturo Paz, who was under investigation by the police and who acted as an agent for the police after his arrest. Paz testified to conversations he had where Ortega agreed to make calls to locate drugs for him. According to Ortega, he was only joking but did not want to act disrespectful to Paz, who was his elder. The State's evidence in this case included a videotaped statement Ortega gave to the police. Detective Balderstone conducted the interview in English and Ortega's statements were partly in English and partly in Spanish. Detective Formosa acted as interpreter for the other detective but translated Ortega's statements in summary *351 fashion; he did not provide a literal translation on the videotape.
In a pretrial motion, defense counsel asked the court to have the videotape translated by a properly qualified and sworn translator. The trial court denied the motion and also denied the defense objection when the testimony was introduced at trial. The videotape was played for the jury and, in response to the State's questions, Detective Formosa was allowed to provide a more expansive translation than the one he gave Detective Balderstone during the interview. When Ortega testified, he stated that Detective Formosa did not accurately translate everything on the videotape. The State objected to Ortega's testimony and the trial court sustained the State's objection. Ortega did not further discuss the detective's translation.
Ortega argues that the trial court erred in overruling his objections and allowing Detective Formosa to translate the videotaped statements. We agree and see several problems with the procedure used below. First, Detective Formosa was involved in the case and therefore lacked at least the appearance of impartiality that one would expect of an interpreter. While the appointment of a translator is generally a matter for the trial court's discretion, the translator should be qualified and impartial. See Balderrama v. State, 433 So.2d 1311 (Fla. 2d DCA 1983) (reversing denial of postconviction relief when defendant was denied competent and impartial interpreter at change of plea hearing). Second, while Detective Formosa took the oath for a witness, he was not required to take the oath set forth for interpreters and translators under section 90.606, Florida Statutes (1995).
In Hutchens v. State, 469 So.2d 924 (Fla. 3d DCA 1985), the Third District held that it was error to publish to the jury a forty-minute tape recording in Spanish "without having such recording translated into English for the jurors by an interpreter sworn to give a faithful and accurate translation, despite the defendant's clear, but overruled, request that he do so." 469 So.2d at 925 (citation omitted). Based on our review of this matter, we likewise conclude that it was error for the trial court to allow a law enforcement officer to translate, over objection, Ortega's videotaped statements in Spanish. Accordingly, we reverse and remand for a new trial.
Reversed and remanded.
FULMER and CASANUEVA, JJ., concur.