DELL, J.
Ramon Hernandez appeals his conviction for trafficking cocaine and conspiracy to traffic cocaine. He argues that the trial court erred when it gave an incorrect jury instruction for the defense of entrapment and when it admitted two audio tape recordings into evidence. We reverse and remand for a new trial.
At the conclusion of the evidence, the trial court granted appellant’s request for an instruction on the defense of entrapment. However, appellant’s counsel objected to the form of the proposed instruction because it provided, “[T]he defendant must prove to you by preponderance of the evidence that his criminal conduct occurred as the result of entrapment.” The trial court overruled appellant’s objection and gave the instruction. On appeal, he argues that the jury instruction on entrapment was inaccurate and incomplete in light of the Florida Supreme Court’s opinion in Munoz v. State, 629 So.2d 90 (Fla.1993), and this court’s opinion in Vazquez v. State, 700 So.2d 5 (Fla. 4th DCA 1997), rev. granted, 705 So.2d 902 (Fla.), cause dismissed, 718 So.2d 755, 23 Fla. Law Weekly S428 (Fla.1998).
In Vazquez, the trial judge gave the same jury instruction that is at issue here. This court reversed and remanded:
Under this new formulation set forth in Munoz, it seems clear that the following text from the current standard jury instruction is inaccurate or incomplete: “the defendant must prove to you by a preponderance of the evidence that his criminal conduct occurred as a result of entrapment.” Munoz held that the defendant has the burden of proving inducement. Moreover, once defendant presents any evidence showing a lack of predisposition, the burden of proving predisposition shifts back to the prosecution to overcome the defendant’s showing beyond a reasonable doubt. Thus, we agree that the standard jury instruction does not fairly and correctly present the current state of the law on this issue. The trial judge should have given an instruction that complies with Munoz.
700 So.2d at 13.[1] We hold, as we did in Vazquez, that the trial court’s instruction did *859 not comply with the supreme court’s opinion in Munoz v. State, and appellant must be granted a new trial.
Appellant’s second point on appeal also merits discussion. At trial, Detectives Daniel Losey and John Curry testified about conversations occurring between themselves, appellant, a confidential informant, and Antonio Duque, another defendant. During Detective Lose/s testimony, he referred to audio tapes made from a body wire he wore during several of these conversations. The trial court admitted the two audio tapes over defense counsel’s objection. During the playing of the first tape, defense counsel argued that the tape was incomprehensible and pointed out that the court reporter was not transcribing all of its contents. The court stated, “For the most part, it is in Spanish. Since we do not know if any of the jurors speak Spanish, we do not know if anyone understands anything.” The court stated that the reporter should just take down as much as she could and allowed the State to play the second audio tape. Appellant’s argument that the tape was incomprehensible has merit. On remand, if the State elects to introduce the audio tapes, a sworn interpreter must be provided to translate such conversations as may be necessary to preclude the potential of prejudice. Hutchens v. State, 469 So.2d 924 (Fla. 3d DCA 1985).
Accordingly, we reverse and remand for a new trial.
REVERSED and REMANDED.
SHAHOOD and GROSS, JJ. concur.

. On motion for rehearing, this court certified a question to the Florida Supreme Court addressing the inaccuracy or incompleteness of the jury instruction for the defense of entrapment. The supreme court denied certification, but noted that "the standard jury instruction on the defense *859 of entrapment was recently modified by our opinion in Standard Jury Instructions in Criminal Cases, 23 Fla.L. Weekly S407, S415-16, 723 So.2d 123, 142-143 (July 16, 1998).” State v. Vazquez, 718 So.2d 755, 23 Fla.L. Weekly S428 (Fla.1998). The current standard jury instruction on the defense of entrapment, applicable to offenses occurring on or after October 1, 1987, provides as follows:
On the issue of entrapment, the defendant must prove to you by the greater weight of the evidence that a law enforcement officer or agent induced or encouraged the crime charged. Greater weight of the evidence means that evidence which is more persuasive and convincing. If the defendant does so, the State must prove beyond a reasonable doubt that the defendant was predisposed to commit the (crime charged). The State must prove defendant’s predisposition to commit the (crime charged) existed prior to and independent of the inducement or encouragement.
Standard Jury Instr. in Criminal Cases (97-2), 23 Fla.L. Weekly S407, S415, 723 So.2d 123, 142 (Fla.1998).