723 So.2d 353 (1998)
Paul MILLER, Appellant,
v.
STATE of Florida, Appellee.
No. 97-1915.
District Court of Appeal of Florida, Fourth District.
December 23, 1998.
Rehearing Denied February 3, 1999.
*354 Richard L. Jorandby, Public Defender, West Palm Beach, and Ronald B. Smith, Assistant Public Defender, Stuart, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Douglas Gurnic, Assistant Attorney General, Fort Lauderdale, for appellee.
PER CURIAM.
Appellant, Paul Miller, was tried by jury and convicted of trafficking and conspiracy to traffic in 400 grams or more of cocaine. We reverse.
At trial the court instructed the jury on the defense of entrapment, reading Florida Standard Jury Instruction in Criminal Cases 3.04(c)(2) (1993). The final paragraph of the standard jury instruction provided:
On the issue of entrapment, the defendant must prove to you by a preponderance of the evidence that his criminal conduct occurred as a result of entrapment.
Appellant did not object at trial to the standard jury instruction on entrapment given by the court. However, he now complains on appeal that the court committed reversible error by failing to give a fully accurate instruction on the current state of the law on entrapment. Relying on our decision in Vazquez v. State, 700 So.2d 5, 13 (Fla. 4th DCA 1997), appeal dismissed, 718 So.2d 755, 23 Fla. L. Weekly S428 (Fla.1998), appellant argues that the error was fundamental. In Vazquez, we determined that the portion of the standard jury instruction addressing predisposition is inaccurate or incomplete.[1]
Florida Rule of Criminal Procedure 3.390(d) provides that "[n]o party may raise on appeal the giving or failure to give an instruction unless the party objects thereto before the jury retires...." Since appellant failed to preserve this issue by objecting at trial, we are precluded from considering the matter on appeal unless there was fundamental error. Archer v. State, 673 So.2d 17 (Fla.1996). Fundamental error is error which "must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." State v. Delva, 575 So.2d 643, 644-5 (Fla.1991)(quoting Brown v. State, 124 So.2d 481, 484 (Fla. 1960)). "[F]undamental error occurs only when the omission is pertinent or material to what the jury must consider in order to convict." Stewart v. State, 420 So.2d 862, 863 (Fla.1982).
In Vazquez, we analyzed our supreme court's decision in Munoz v. State, 629 So.2d 90 (1993), which held that a defendant asserting the statutory defense of entrapment initially has the burden to establish lack of predisposition, but as soon as the defendant produces evidence of no predisposition, the burden shifts to the prosecution to rebut this *355 evidence beyond a reasonable doubt. We concluded that the above quoted portion of the standard jury instruction does not comport with the dictates of Munoz or "fairly and correctly present the current state of the law on this issue." Id. at 13. See also Henkel v. State, 709 So.2d 130 (Fla. 4th DCA 1998).
For the reasons stated above, we find that the court committed fundamental error by giving the standard jury instruction on entrapment. Because we are reversing appellant's conviction on this point, we do not reach the other issues raised in his appeal.
REVERSED and REMANDED.
POLEN, GROSS and TAYLOR, JJ., concur.
NOTES
[1] Since Vazquez the supreme court has approved a new version of Florida Standard Jury Instruction 3.04(c)(2) which provides in pertinent part:

On the issue of entrapment, the defendant must prove to you by the greater weight of the evidence that a law enforcement officer or agent induced or encouraged the crime charged. Greater weight of the evidence means that evidence which is more persuasive and convincing. If the defendant does so, the State must prove beyond a reasonable doubt that the defendant was predisposed to commit the (crime charged). The state must prove defendant's predisposition to commit the (crime charged) existed prior to and independent of the inducement or encouragement.
In re Standard Jury Instr. In Criminal Cases, 23 Fla. L. Weekly S407, S415-416, 723 So.2d 123 (Fla. July 16, 1998).