HAZOURI, J.
Gregory Crutchfield (Crutchfield) appeals from his conviction and sentence for sale and possession of cocaine. We reverse for a new trial.
Crutchfield raises four points on appeal. We reverse on point IV, grant a new trial and, thus, do not address the remaining points on appeal.
On November 14, 1997, Detective Tammy Roane (Roane) of the Fort Pierce Police Department organized a “buy-bust” operation. Detective Erie Schaubel (Schaubel) of the Stuart Police Department was assigned to go undercover and attempt to purchase illegal narcotics. All of the transactions were monitored and investigative funds were utilized.
While driving in an undercover vehicle, Schaubel was flagged down by Crutchfield and co-defendant Richard Southward (Southward). Schaubel pulled into an apartment complex parking lot, and Southward and Crutchfield approached the vehicle. Southward started a conversation and asked Schaubel what he wanted. Schaubel replied he wanted “three for twenty,” meaning three pieces of rock cocaine for twenty dollars. After Schaubel gave Crutchfield the necessary funds for the transaction, Crutchfield went to a nearby house to obtain the drugs. Upon his return, Crutchfield handed the rocks to Schaubel. Thereafter, Crutchfield was arrested. The two rocks recovered tested positive for cocaine.
A verdict of guilty was rendered against Crutchfield on both counts. Based upon the jury’s verdict, a judgment was entered and Crutchfield was sentenced to 36.7 months in the custody of the Department of Corrections.
At trial Crutchfield raised the defense of entrapment. As a part of the jury instruction on entrapment that was given, the trial court stated:
It is also not entrapment merely because a law enforcement officer in good faith attempted to detect crime provided the Defendant had the opportunity, means and facility to commit the offense which the Defendant intended to commit and would have committed otherwise. Used tricks, decoys or sub-subterfuge to expose the Defendant’s criminal acts. Was present and pretending to aid or assist in the commission of the offense. On the issue of entrapment, the defendant must prove to you by a preponderance of the evidence that his criminal conduct occurred as a result of the entrapment.
Crutchfield argues this was an incorrect and incomplete instruction which misled the jury as to the burden of proof in demonstrating entrapment and, thus, he is entitled to a new trial.
In Vazquez v. State, 700 So.2d 5, 10 (Fla. 4th DCA 1997), cause dismissed, 718 So.2d 755 (Fla.1998), the trial court gave the same jury instruction as the one given by the trial court in the case at bar. The Vazquez court found that the trial court’s instruction did not comply with the supreme court’s opinion in Munoz v. State, 629 So.2d 90 (Fla.1993). In Munoz the *1195 court held that a defendant asserting the statutory defense of entrapment initially has the burden to establish lack of predisposition, but once the defendant produces evidence of no predisposition, the burden shifts to the prosecution to rebut this evidence beyond a reasonable doubt.
The state argues that Crutchfield’s claim was not properly preserved because he did not object at trial and that any error was invited. The cases cited by the state for this proposition are persuasive; however, the state fails to consider this court’s recent opinion in Miller v. State, 723 So.2d 353 (Fla. 4th DCA 1998), rev. granted, State v. Miller, 732 So.2d 328 (Fla.1999). In Miller, the trial court utilized the same jury instruction on entrapment as the trial court used in the case before us. See id. at 354. Even though the defendant in Miller did not object to the jury instruction, this court held that the trial court committed fundamental error by giving the improper jury instruction and reversed Miller’s conviction.
We, therefore, reverse and remand for new trial.
DELL and GUNTHER, JJ., concur.