862 So.2d 54 (2003)
Alejandoro GOPAR-SANTANA, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-5004.
District Court of Appeal of Florida, Second District.
October 3, 2003.
Rehearing Denied November 18, 2003.
James Marion Moorman, Public Defender, and Megan Olson, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Anne Sheer Weiner, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Alejandoro Gopar-Santana seeks review of his judgment and sentence for two counts of trafficking in and one count of possession of cocaine. Gopar-Santana argues that the trial court abused its discretion in allowing a detective who conducted the sting operation that led to his arrest to interpret the audiotapes of the Spanish conversations for the jury. We agree that the trial court abused its discretion in allowing the interpretation but conclude that the error was harmless.
The charges in this case arose after Detective Torres initiated a series of drug purchases from Gopar-Santana in Spanish. Detective Torres' conversations with Gopar-Santana were audiotaped, and the final transaction was videotaped. When these tapes were played for the jury, Detective Torres was permitted to interpret them in English over the objection of Gopar-Santana, who himself had an interpreter *55 present at trial. Detective Torres did not provide a literal interpretation of the tapes for the jury but instead filled in the gaps where the tapes were inaudible with his own description of what would have been happening.
A trial court's decision to allow for the use of an interpreter is generally a discretionary matter; however, a trial court abuses its discretion if the interpreter is not qualified, sworn, and impartial. Ortega v. State, 721 So.2d 350, 351 (Fla. 2d DCA 1998); see also § 90.606(1)(a), (2), Fla. Stat. (2001) (requiring an interpreter to be "duly qualified" and sworn and providing that the interpreter will be subject to the rules of evidence relating to witnesses). Not only was Detective Torres not sworn as an interpreter,[1] he was not impartial because he was the main participant in the sting operation that resulted in Gopar-Santana's arrest. The danger of proceeding without a sworn and impartial interpreter is illustrated by the fact that Detective Torres paraphrased parts of the interpretation by offering testimony of his recollection of events instead of a true interpretation. While we agree with Gopar-Santana that the trial court abused its discretion in allowing the interpretation, we conclude that the error was harmless in light of the other admissible evidence to support the convictions.
Affirmed.
FULMER and SILBERMAN, JJ., Concur.
NOTES
[1] Section 90.606(3), Florida Statutes (2001), requires that the interpreter take an oath that he or she will make a "true interpretation" of the testimony.