925 So.2d 425 (2006)
Marcela ALMODOVAR, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-701.
District Court of Appeal of Florida, Fifth District.
March 31, 2006.
*426 James S. Purdy, Public Defender, and Nancy Ryan, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Kristen L. Davenport, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, J.
Marcela Almodovar appeals her convictions for trafficking in cocaine and conspiracy to traffic in cocaine. Almodovar contends that the trial court erred when it allowed the jury to read English translations of her taped telephone conversations spoken in Spanish. Finding the error to be harmless, we affirm.
At trial, Almodovar moved to exclude from the jury's view typed translations, prepared by law enforcement, of various audiotaped telephone conversations Almodovar took part in. The taped telephone conversations were all in Spanish. Almodovar claims that the trial court erred in allowing the jury to read transcripts of English translations of her Spanish telephone calls. We agree it was error because there was no evidence in the record that the translations were made by an interpreter sworn to give faithful and accurate translations. See Yanez v. State, 744 So.2d 601, 604 (Fla. 2d DCA 1999); Ortega v. State, 721 So.2d 350 (Fla. 2d DCA 1998).
Although the trial court erred in allowing the jury to view the transcripts, this error is subject to a harmless error analysis. Applying the standards of that test, we conclude that the error was harmless because Almodovar asserted no concerns about the accuracy of the transcripts, but merely the lack of certification that the translator had taken an oath before creating the documents. Accordingly, we find that there was no reasonable possibility that the error contributed to Almodovar's conviction. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
AFFIRMED.
PLEUS, C.J., and SAWAYA, J., concur.