POLEN, J.
 

 The appellant, Dennis Fernandez (“Fernandez”), appeals the trial court’s order adjudicating Fernandez guilty of racketeering, conspiracy to commit racketeering, dealing in stolen property, possession of counterfeit motor vehicle title, sale of altered motor vehicle title, false and fraudulent insurance claims, conspiracy to commit false and fraudulent insurance claims, and operating a chop shop. This court has jurisdiction. Fla. RApp. P. 9.030(b)(1)(A).
 

 This appeal addresses the use of a translator-interpreter at trial. During the course of the investigation that led to Fernandez’s arrest and trial, the Broward County Sheriffs Office used two undercover police officers. The undercover officers spoke in Spanish with Fernandez and other co-defendants who are not parties to this appeal. The officers recorded these conversations.
 

 In preparation for trial, the state used a translator, Patricia Dau (“Dau”), to translate the recorded conversations into English. The trial court held a pretrial hearing to determine the admissibility of Dau’s transcripts of the Spanish-language audio tapes and an evidentiary hearing regarding Dau’s qualifications and defense counsel’s claim of bias.
 

 
 *156
 
 Dau testified that the speakers were initially identified in a manner such as “male” or “male one.” Dau later received assistance from the undercover officers in identifying the speakers on the recordings and assigning names to speakers. However, when the officers provided a name, Dau would listen to the recording to verify that the identified person was consistently referred to in the same manner throughout the transcript.
 

 Dau submitted draft transcripts to the statewide prosecutor’s office and received her transcripts back with some corrections or additions. Some of the speech that Dau had initially marked “unintelligible” had been filled in either in Spanish or in English on the transcript when she received it back from the prosecutor’s office. Dau testified that when this occurred, she would review the tape again together with her transcript, and if she could hear in the tape whatever had been corrected, she would include the corrections in her transcript; otherwise she would not include the corrections.
 

 Dau also worked with the undercover officers in correcting the transcripts, but could not say how many corrections she made with the officers. Dau stated that she would only adopt the officers’ corrections if she was completely sure that she could hear the corrected words on the tape. Dau stated:
 

 So whatever correction was done there, I wouldn’t insert it if I couldn’t hear it, period. I am the one who is certifying to the accuracy of this transcript. It’s not [either officer] who’s certifying to it. If they would be certifying to it they could put in all the corrects [sic] they want and certify it. I’m the one certifying it, so I’m not going to adopt any correction if I’m not a hundred percent sure that I can certify to it.
 

 Dau also stated her belief that because she must certify and testify as to what was contained on the tapes, “it doesn’t matter who made the corrections.”
 

 In response to Dau’s pretrial testimony, and in denying a motion to exclude or disqualify Dau, the trial judge presumably referred to Revision 7 to Article V of the Florida Constitution, an amendment that provided uniform funding for the Florida courts, when stating that:
 

 [T]his Court does not have the ability nor funding to independently hire [Dau]. So it falls to the prosecution who presents the case, or the law enforcement agencies who present the case to hire the interpreter.
 

 Candidly, that does not automatically disqualify the interpreter. Had Ms. Dau been an employee of the Sheriffs’ Department, had Ms. Dau shown or demonstrated to this Court that she accepted the words of law enforcement and she put them into the transcripts just because they were given to her, this Court’s ruling would be very different. But Ms. Dau clearly said even where presented with fill in words by the detectives, if I didn’t hear it, I didn’t see it myself, if I could not certify and vouch for it, I did not insert it. And as such, the motion to exclude Ms. Dau or disqualify her is denied.
 

 The trial court provided a number of procedural safeguards regarding the use of Dau’s transcripts and Dau’s testimony. The trial court did not allow Dau’s transcripts into evidence to be used during deliberations. The trial court also crafted a procedure whereby the Spanish-language tapes were played in open court with Dau testifying regarding what was being said. Dau did not identify the various speakers. The defense had an opportunity to cross-examine Dau on any issues that the defense disputed regarding the in-court
 
 *157
 
 translation. At the same time, another witness (presumably one of the undercover officers) testified to the identity of the various speakers on the tape.
 

 Because Dau was a State-enlisted witness, the trial court would not certify Dau as an official court interpreter. Instead, the court stated that it would be left to the jury to determine Dau’s impartiality or bias. Throughout the trial, Dau translated the tapes in court after they were played in Spanish.
 

 The use of an interpreter at trial is a matter within the trial court’s discretion.
 
 Watson v. State,
 
 190 So.2d 161, 167 (Fla. 1966);
 
 see also Gopar-Santana v. State,
 
 862 So.2d 54, 55 (Fla. 2d DCA 2003);
 
 Gil v. State,
 
 266 So.2d 43, 45 (Fla. 3d DCA 1972). An interpreter is required, however, when audio recordings in Spanish are admitted into evidence.
 
 See Hernandez v. State,
 
 723 So.2d 857, 859 (Fla. 4th DCA 1998) (stating that the jury should have been provided with an interpreter to translate Spanish-language audio tapes);
 
 Hutchens v. State,
 
 469 So.2d 924, 925 (Fla. 3d DCA 1985) (same).
 

 In this appeal, Fernandez claims that the translation used at trial was rendered by one party against another and that it is reversible error for a party to translate material that is used against the party’s opponent at trial. The record simply does not support Fernandez’s argument that the translation used against him was rendered by his opponent. We are equally unpersuaded by Fernandez’s second point on appeal regarding the Confrontation Clause.
 

 We write to note our approval of the trial court’s handling of this unusual issue and the numerous procedural safeguards the trial court provided to ensure that the interpretation provided was fair and accurate. Specifically, we approve of the trial court’s decisions to subject Dau to cross-examination regarding the accuracy of her translations, to leave to the jury the determination regarding Dau’s impartiality or bias, and not to certify Dau as an official court interpreter.
 

 We also consider it significant that Dau testified that even if the officers provided changes to the transcripts, Dau would not include nor certify the changes unless she could hear the purported conversation herself. This testimony is sufficient to support the jury’s implicit finding that Dau was not biased.
 

 Affirmed.
 

 STEVENSON and GERBER, JJ., concur.