GERBER, J.
The defendant appeals his conviction for burglary of a conveyance. He primarily argues that the trial court abused its discretion in allowing the state to play a DVD *1186 showing him and a co-defendant conversing in Spanish in an interrogation room, and allowing a deputy, who observed the conversation, to provide a translated account of the conversation for the jury. He relies on cases such as Ortega v. State, 721 So.2d 350, 351 (Fla. 2d DCA 1998), which held that a trial court erred when it allowed a detective to translate a defendant’s videotaped statements for a jury. The state responds that the defendant did not preserve these arguments for review. We agree with the state and affirm.
The defendant initially objected to the deputy serving as an interpreter of the DVD. The trial court sustained that objection. The state then requested to play the DVD without audio. The defendant responded that the DVD should not be admitted into evidence. However, without obtaining a ruling on that objection, the defendant immediately raised the alternative argument that, if the court were to admit the DVD into evidence, then the DVD should be played with the audio and the video. The defendant stated that the jurors who spoke Spanish would “act as a safeguard.” Because the defendant turned to this alternative argument without obtaining a ruling on his objection to the admission of the DVD, the defendant did not preserve that objection for review. See Carratelli v. State, 832 So.2d 850, 856 (Fla. 4th DCA 2002) (“A plethora of Florida cases support the notion that a party must obtain a ruling from the trial court in order to preserve an issue for appellate review.”).
Later in the trial, the defendant did not object when the state: (1) offered the DVD into evidence; (2) requested to publish the DVD to the jury; and (3) asked the deputy to comment on what he heard. By not objecting at these times, the defendant waived his earlier-sustained objection to the deputy serving as an interpreter of the DVD. See Tengbergen v. State, 9 So.3d 729, 731 (Fla. 4th DCA 2009) (defendant’s trial objection was waived by his failure to object when the evidence was introduced). When the deputy provided his translated account of the conversation played on the DVD, the defendant’s only two objections to the deputy’s testimony pertained to the deputy at one point “characterizing,” and later using the phrase “the bottom line.” We do not perceive either of those objections as renewals of the defendant’s earlier-sustained objection to the deputy serving as an interpreter. See Murray v. State, 3 So.3d 1108, 1117 (Fla.2009) (“While no magic words are needed to make a proper objection, the articulated concern must be ‘sufficiently specific to inform the court of the perceived error.’ ”) (citations omitted). We also find that any possible error in the admission of the DVD or the deputy’s testimony does not rise to the level of fundamental error. See Caraballo v. State, 39 So.3d 1234, 1249 (Fla.2010) (“Fundamental error is that which ‘reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.’ ”) (citation omitted).
We have considered the defendant’s other two arguments in this appeal. We affirm as to those arguments without further comment.

Affirmed.

WARNER and STEVENSON, JJ., concur.