DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HENRY MENDEZ-MARTINEZ**,
Appellant,

v.

**STATE OF FLORIDA**,
Appellee.

No. 4D16-3541

[December 13, 2017]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Lawrence M. Mirman, Judge; L.T. Case No. 432014CF00696.

Carey Haughwout, Public Defender, and Jessica A. De Vera, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Jessenia J. Concepcion, Assistant Attorney General, West Palm Beach, for appellee.

KUNTZ, J.

The Defendant appeals his conviction for attempted sexual battery on a victim twelve years of age or older and burglary of a dwelling with an assault or battery. He raises two issues on appeal, and we affirm as to the first without further comment. For his second issue, he argues the court erred when it allowed the investigating officer who interviewed him to translate his video-taped confession while she was a witness on the stand. We agree with the Defendant, reverse his conviction, and remand for a new trial.

### *Background*

After an evening out, the victim's father and the Defendant returned to the victim's home to continue drinking. Eventually the victim's father left the residence with another friend to buy beer. The Defendant remained on the front-porch, but he was not given permission to enter the home. However, shortly after the victim's father left, the victim heard the front door open and the Defendant was soon seated on his bed, attempting to

engage in sexual acts with him.  At some point, while attempting to stop the sexual advances, the victim whispered that his father had returned and the advances stopped.  The father found the Defendant buttoning his pants as he exited the victim's room and the victim in tears.  The father followed the Defendant to the front porch and instructed the other friend to hold him while he checked on the victim.   The friend, using physical force, required the Defendant to remain until the police arrived.

Sergeant Carde, from the Martin County Sheriff's Office, was the responding officer, and she conducted a recorded interview with the Defendant.   The interview was conducted in Spanish and lasted approximately one-hour. The Defendant eventually admitted to certain facts forming the basis of the charges against him.  Unfortunately, the interview was not translated into English prior to trial.

At trial, the State expressed its concern to the court about questioning Sergeant Carde about the video because it was not translated and was entirely in Spanish.  The State told the judge that "if they object, then [Sergeant] Carde wouldn't be able to do it."  The judge questioned counsel for the State and the Defendant as to why it would be objectionable to allow Sergeant Carde to translate the recording from Spanish as it was being played, and the State interjected "I can't do it without a stipulation from the Defense. The case law is really bad on that" and "I can't have [Sergeant] Carde translate from Spanish to English and English to Spanish."  The court disagreed with the State and the State responded by pointing out that "the translation hinges on impartiality. And because she's the person that did the interview, she couldn't be considered as being impartial by doing a translation."  Ultimately, the court disagreed and stated "so [Sergeant] Carde spoke to the Defendant in Spanish.  Regardless if it was recorded or not—if the recording had disappeared, she'd still be able to come in and say I spoke with him in Spanish, I asked him these questions and this is what he said, period."

The State played the video of the interview, the Sergeant translated the conversation from Spanish to English as it was played to the jury, and counsel for the Defendant objected to "this whole procedure" and to the translation itself on multiple occasions.  The Defendant's objections were overruled and, in response to an objection that stated "I'm going to object to the fact that—," his counsel was told to "take a chill pill."

The jury found the Defendant guilty of both charges, and he appeals.

***Analysis***

A court's decision to admit testimony translating evidence from Spanish to English is reviewed for abuse of discretion. *Fernandez v. State*, 21 So. 3d 155, 157 (Fla. 4th DCA 2009). That discretion, however, is limited by the rules of evidence, and is abused "if the interpreter is not qualified, sworn, and impartial." *Gopar-Santana v. State*, 862 So. 2d 54, 55 (Fla. 2d DCA 2003). Further, when the State seeks to admit into evidence a recording in Spanish, generally "a sworn interpreter must be provided to translate such conversations as may be necessary to preclude the potential of prejudice." *Hernandez v. State*, 723 So. 2d 857, 859 (Fla. 4th DCA 1998); *see also Hutchens v. State*, 469 So. 2d 924, 925 (Fla. 3d DCA 1985) (finding the court erred in allowing the State to admit audio recordings into evidence "without having such recording translated into English for the jurors by an interpreter sworn to give a faithful and accurate translation").

In prior cases, courts have allowed a State's witness to translate a recording. However, in such cases, courts either required a certified translation or employed certain procedural safeguards. For example, in *Hutchens*, the court required "an interpreter sworn to give a faithful and accurate translation." 469 So. 2d at 925. We required similar protections in *Hernandez*. *See* 723 So. 2d at 859.

Two additional cases are instructive. In *Fernandez,* though the State's witness was employed by the State and therefore could not be certified as an independent translator, she testified that she was not involved in the investigation of the case and was not influenced by the investigating officers. 21 So. 3d at 156. Accordingly, we did not require a certified interpreter because her testimony as to her experience and the exact translation process combined were sufficient to satisfy the required procedural safeguards. *Id.*

In *Lopez v. State,* 153 So. 3d 927 (Fla. 2d DCA 2014), "[o]utside the presence of the jury, the judge required the lead officer to testify that the documents represented accurate translations. The judge also considered extensive evidence as to the lead officer's experience and competence in Spanish, as well as the team method by which the translations were created." *Id.* at 932–33. There, our sister district found the "trial judge essentially made a gatekeeper decision that the translations were of sufficient quality and that their accuracy should be a jury question under the new instruction." *Id.* at 933. The court also concluded that "we continue to believe that allowing an officer who is so directly involved in an arrest or interrogation to provide a quick translation on such a

videotape or to be a translator at trial is bad practice and unnecessary." *Id.*

Here, the procedural safeguards approved in prior cases were not satisfied when the court allowed the Sergeant to translate the video of her interview with the Defendant while on the witness stand. The translator did not provide a translation before testifying. Importantly, the translator was the person responsible for the investigation. Defense counsel objected three times during the impromptu translation, asserting that the translation was inconsistent with his understanding of the Spanish language. Beyond that, the State itself stated that the Sergeant could not provide the testimony ultimately given, telling the court, "I can't have [Sergeant] Carde translate from Spanish to English and English to Spanish." The court simply did not agree and allowed testimony both the State and the Defendant believed improper.[1]

### *Conclusion*

While testifying before the jury, the court allowed the investigating officer to translate her own interview with the Defendant. This was done without hearing testimony outside of the jury's presence, which could have permitted the court to assess whether the State presented sufficient evidence as to the accuracy of the translation. This testimony was also permitted after the State and the Defendant both asserted it was improper. Because the State did not present sufficient testimony or evidence to allow the court to satisfy its gatekeeping role, the court abused its discretion in allowing the testimony. The Defendant's convictions are reversed and the matter is remanded for a new trial.

*Reversed and remanded.*

LEVINE and FORST, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***

---

[1] Notably, the State began by asking for additional time to allow a transcript to be prepared. Therefore, the creation of a certified transcript was certainly possible.

4