# Third District Court of Appeal

## State of Florida

Opinion filed November 8, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-0500
Lower Tribunal No. F19-5276
_____

**Jean Claude Philippe,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Carmen Cabarga, Judge.

Maria T. Arsuaga, P.A., and Maria T. Arsuaga Byrne, for appellant.

Ashley Moody, Attorney General, and Linda Katz, Assistant Attorney General, for appellee.

Before LOGUE, C.J., and EMAS and BOKOR, JJ.

PER CURIAM.

Affirmed. See Fernandez v. State, 21 So. 3d 155, 157 (Fla. 4th DCA 2009) (explaining that "[t]he use of an interpreter at trial is a matter within the trial court's discretion" and noting approval of the trial court's procedural safeguards including permitting cross-examination of the "State-enlisted" translator); see also Major v. State, 979 So. 2d 243, 244–45 (Fla. 3d DCA 2007) ("It is well settled that the state's non-compliance with discovery rules does not mandate automatic reversal and, therefore, it is essential that the defendant either raise a timely objection or request a hearing to allow the trial court to specifically rule on the issue."); Garcia v. State, 327 So. 3d 947, 948 (Fla. 1st DCA 2021) ("Because Appellant did not timely bring the discovery violation to the trial court's attention, we agree with the State that the argument was not preserved . . . ."); Johnson v. State, 114 So. 3d 1012, 1013–14 (Fla. 5th DCA 2012) (instructing that "[i]n order to preserve improprieties of a trial judge for appellate review, an objection must be made contemporaneously with the prejudicial conduct or comments" and that "not every act or comment with potential to be interpreted as demonstrating less than total neutrality on the part of the trial judge, will be deemed fundamental error").